STROTHER, DEAN, ETC., *v.* THOMAS ALLIN'S ADMR.

**Judgment—Plea In Bar.**

It having been judicially settled that Allin did not appropriate the money of the Deans to his own use, and it being established that he did pay the same to Taylor and take his note therefor, which note is the subject of the controversy in this action, it must follow that said note, although made payable to Allin, was in point of law and fact the property of the Deans and that Allin merely held same in trust for them.

Held, that in such a controversy a judgment rendered in an action for a breach of contract, which this suit develops, was never violated, cannot be made to operate as a plea in bar.

APPEAL FROM MERCER CIRCUIT COURT.

June 16, 1871.

OPINION BY JUDGE LINDSAY:

The testimony in this case leaves no room to doubt that the four hundred dollars for which Taylor executed his note to Allin in May, 1854, was the money received by the latter from the Deans as a payment on the poorhouse lands bought by them from Taylor as agent for the Mercer county court.

It is doubtless true that Taylor received the money upon Allin's check to the Commercial Bank, but it is equally clear, the real basis or consideration for the note passed from the Deans and not from Allin, and that the check was received by Taylor in lieu of the specific or identical money paid by the Deans. The latter, by their cross-petition, charged in effect that Allin had converted said four hundred dollars to his own use instead of paying it over to Taylor as he had agreed to do, and asked judgment against him on account of such violation of his contract.

Allin's administrator by his answer denied these charges but either failed to make any suggestion as to what disposition his intestate had made of the Deans' money. Upon the trial of the issue judgment was rendered in favor of Allin's administrator, and he pleads that judgment as a bar to this proceeding.

It having been judicially settled that Allin did not appropriate the money of the Deans to his own use, and it being unmistakably established that he did pay the same to Taylor and take his note therefor, which note is the subject of the controversy in this action, it must follow that said note although made payable to Allin was in point of law and fact the property of the Deans, and that Allin merely held the same in trust for them.

The money due upon said note has been paid into court and the contest is now between the representative of the trustee and the cestui que trust as to whom it shall be paid.

In such a controversy a judgment rendered in an action for a breach of contract, which this suit develops was never violated, cannot be made to operate as a plea in bar.

If Allin's administrator in the first suit had discovered the fact that he held the note of Taylor for the money then in litigation, the pleadings could have been so amended as to have presented the identical issues raised in this action. But he concealed that fact, and thereby enabled himself to defeat the appellants, and he now relies upon that judgment as a bar to this action. Under such circumstances not only are the equities of this case against him, but the causes of action, although involving the same money, are entirely different.

We are of the opinion that the judgment relied upon is not a bar to the right of the Deans to recover in this action, and that

under the pleadings and proof the money in court should have been adjudged to them.

Wherefore the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Thompson, for appellants.*

*Gaither, Durham & Jacobs, for appellee.*